ROWLETT v. ANDERSON et al.

(Circuit Court, D. Indiana. October 14, 1896.)

No. 9,096.

1. PATENTS—INTERPRETATION—EXTENSIVE USE.

    The fact that a machine or device has met with general favor and acceptance by the trade is not of persuasive force in favor of a broad construction of the patent, when, in view of the prior art, there is no fair doubt as to the limitations which must be placed upon the claims.

2. SAME—INFRINGEMENT—LAWN MOWERS.

    The Rowlett patent, No. 383,829, for a ratchet mechanism for lawn mowers, if valid at all, must, in view of the prior state of the art, be limited to the exact combination described or its fair equivalent; and the same is not infringed by a mechanism made according to the Farmer patent, No. 497,-467.

This was a bill by Jacob V. Rowlett against Francis S. Anderson and others for alleged infringement of a patent relating to lawn mowers.

V. H. Lockwood, for complainant.
Chester Bradford, for defendants.

BAKER, District Judge. This is a suit in equity for the infringement of letters patent No. 383,829, issued May 29, 1888, to the complainant, for an alleged improvement in lawn mowers. The device in question is a ratchet mechanism, such as is used for many purposes. A ratchet mechanism of this general character is in common use in lawn mowers, and both parties to this suit are engaged in the manufacture of such machines. The complainant's device consists of a pinion loosely mounted on the reel-shaft of the lawn mower, and containing perforations through the same parallel with the axis of the shaft in which the pawl-pins are placed; a ratchet-collar permanently fastened to the shaft upon one side of the pinion, and a two-faced cam-collar permanently fastened to the shaft upon the other side, which two-faced cam operates to drive the pawl-pins through the pinion into engagement with the teeth of the ratchet-collar.

The claims alleged to be infringed are the second, third, fourth, fifth, and eighth, which are as follows:

    (2) In a lawn mower, the combination, with the reel-shaft, of a ratchet-collar keyed to said shaft near its end, driving pinions loose thereon, and provided with pawl-pins arranged in bearings in the body of the pinion parallel with its axis, and a cam-collar keyed to the shaft at each end outside the pinion, and having upon its inner face cam projections which project the pawl-pins inward, substantially as specified.

    (3) In a lawn mower, the combination, with the reel-shaft, of a pinion loose upon the end thereof, a ratchet-collar upon one side of said pinion, a cam-collar upon the other side, and steel pawl-pins lying in bearings in the body of the pinion, and thrown by the cam-collar into engagement with the ratchet-collar, both said collars being keyed to the shaft, substantially as specified.

    (4) In a lawn mower, the combination, with a ratchet-collar having opposite inclines terminating in square cam-shoulders upon one of its parallel faces, of a pinion loose on the shaft, pawl-pins arranged in the body of said pinion to move towards the ratchet-collar and from it, a cam-collar having two double inclines

forming opposite apexes, said cam-collar being seated in a recess in the outer face of the pinion, and means for·keying. both collars to the shaft, substantially as specified.

(5) In a lawn mower,..the combination, with the reel-shaft, of a loose pinion, pawl-pins movable therein in lines parallel to th axis, a ratchet-pinion having radial recesses which engage with a pin through the shaft, and a cam-collar upon the opposite side of the. pinion, having a cotter-pin engaging with the shaft, and lying in recesses in the outer face of the collar, substantially as specified.

(8) In· a lawn mower, the combination, with loose driving gears or pinions, of movable pins or pawls working in parallelism ,with the axes of the pinions, and located between the faces and the axes of said pinions, said pins or pawls each engaging at one end with a ratchet, and at the other with a two-faced cam. whereby the pin or pawl is made to engage with a ratchet when the pinion moves in one direction, and is permitted to pass over a ratchet when moved in the opposite direction, substantially as specified.

The defenses set up are: First, that the patent is invalid for the reason that it embraces several separate, distinct, and independent inventions; second, noninfringement; third, noninvention; and, fourth, anticipation in prior patents and structures.

The pawl and ratchet mechanism used by the defendants in the manufacture of their lawn mowers is that described and claimed by Frank T. Farmer in letters patent No. 497,467, issued to him May 16, 1893. This device consists of a pinion loosely mounted on the reel-shaft of the lawn mower, one side of which pinion is plain, and .the other recessed so as to form a single cam-face. The pinion also has a flange which extends laterally parallel with the shaft. A ratchet-collar is also mounted on the shaft, and permanently fastened thereto. Between the pinion and the ratchet-collar is an intermediate disk or collar, having a peripheral recess into which the flange on the pinion extends. This disk or collar carries a single pawl-pin.

In the view I take of this case, it is only necessary to consider the defense of noninfringement, and that very briefly. Every element of the complainant's combination is old, and has long been in familiar use. In view of the prior state of the art, if his combination shows any invention, upon which the court expresses no opinion, the scope left for invention was confined within .narrow limits. The claims of the complainant cannot, as insisted by his counsel, receive a broad construction, but must be limited to the exact combination claimed, or its fair equivalent. It is urged that the complainant's lawn mower, by reason of his device, has met with great favor and general acceptance in the trade, and that, in view of this fact, the claims of his patent ought to be broadly construed. If there was fair doubt in view of the prior state of the art as to the proper construction of the claims, this argument might be entitled to weight, but in this case the court does not regard it as having any persuasive force. The structure of the two devices is not coincident, nor do I regard the one as the mechanical equivalent of the other. In the complainant's device, the pawl-pins, during the rearward movement of the machine in which the device is employed, are in continual motion, being constantly driven back and forth by the inclined faces on the rear of the ratchet-collar, and the' cam-faces of the two-faced cam of the cam-

collar. In the defendants' device the pawl-pin is stationary at all times both in the forward and rearward movement of the machine, except momentarily, when it is being shifted from the engaged to the nonengaged position, or the reverse. The complainant's device embodies as an essential element a cam-collar keyed to the shaft, while the defendants' device has no such collar nor its equivalent. The complainant's device embodies as an element, not only a cam-collar, but a cam-collar having a recess with a cotter-pin lying therein, and engaging with the shaft, which is not found in the defendants' device. The defendants' device does not embody as elements movable pins or pawls working in parallelism with the axes of the pinions, and located between the faces and the axes of said pinions; nor does it contain a two-faced cam. It is true that both devices produce the same result, but not by the same mechanical combination. Neither the structural law nor principle of construction or operation of complainant's device is secured to him by his patent. His patent secures to him simply the combination specified in his claims, and, in the opinion of the court, this combination is not infringed by the defendants' device. The bill will therefore be dismissed, for want of equity, at the costs of the complainant